```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED___
LOCAL RULE 4.1___
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.____
DATE____6-30-04__
```

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 JUN 30 A 9:53
U.S. DISTRICT COURT
DISTRICT OF MASS.

JOAO MONTEIRO,
    Plaintiff

V.

MARINE PERSONNEL AND
AND PROVISIONING, INC.
and MARINE TRANSPORT
MANAGEMENT, INC.
    Defendants

Civil Action

No. _____

04 - 11484 PBS

MAGISTRATE JUDGE Bowler

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1.    The Plaintiff, Joao Monteiro, is a resident of Fall River, County of Bristol, Commonwealth of Massachusetts.

2.    The Defendant, Marine Personnel and Provisioning, Inc. is a corporation, duly organized and existing under the laws of the State of Delaware.

3.    The Defendant, Marine Transport Management, Inc. is a corporation, duly organized and existing under the laws of the State of Delaware.

4.    On or about July 2, 2001, the Defendant, Marine Personnel and Provisioning, Inc., was doing business within the Commonwealth of Massachusetts.

5.    On or about July 2, 2001, the Defendant, Marine Transport Management, Inc., was doing business within the Commonwealth of Massachusetts.

6. On or about July 2, 2001, the Plaintiff, Joao Monteiro, was employed by the Defendant, Marine Personnel and Provisioning, Inc.

7. On or about July 2, 2001, the Plaintiff, Joao Monteiro, was employed by the Defendant, Marine Personnel and Provisioning, Inc., as a seaman, and a member of the crew of the SS MORMAC SKY.

8. On or about July 2, 2001, the Defendant, Marine Transport Management, Inc., owned the SS MORMAC SKY.

9. The Defendant, Marine Transport Management, Inc., chartered the SS MORMAC SKY from some other person or entity such that on or about July 2, 2001 the Defendant, Marine Transport Management, Inc., was the owner pro hac vice of the SS MORMAC SKY.

10. On or about July 2, 2001, the Defendant, Marine Transport Management, Inc., operated the SS MORMAC SKY.

11. On or about July 2, 2001, the Defendant, Marine Transport Management, Inc., or the Defendant's agents, servants, and/or employees, controlled the SS MORMAC SKY.

12. On or about July 2, 2001, the SS MORMAC SKY was in navigable waters.

13. On or about July 2, 2001, while in the in the performance of his duties in the service of the SS MORMAC SKY, the Plaintiff, Joao Monteiro, sustained personal injuries.

14. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Joao Monteiro, was exercising due care.

Jurisdiction

15. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

COUNT I

Joao Monteiro v. Marine Personnel and Provisioning, Inc.

(JONES ACT NEGLIGENCE)

17. The Plaintiff, Joao Monteiro, reiterates the allegations set forth in paragraphs 1 through 16 above.

18. The personal injuries sustained by the Plaintiff, Joao Monteiro, were not caused by any fault on his part but were caused by the negligence of the Defendant, Marine Personnel and Provisioning, Inc., its agents, servants and/or employees.

19. As a result of said injuries, the Plaintiff, Joao Monteiro, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

20. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Joao Monteiro, demands judgment against the Defendant, Marine Personnel and Provisioning, Inc., in an amount to be determined by a Jury, together with interest and costs.

## COUNT II

### Joao Monteiro v. Marine Transport Management, Inc.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

21. The Plaintiff, Joao Monteiro, reiterates the allegations set forth in paragraphs 1 through 16 above.

22. The personal injuries sustained by the Plaintiff, Joao Monteiro, were due to no fault of his, but were caused by the Unseaworthiness of the SS MORMAC SKY.

23. As a result of said injuries, the Plaintiff, Joao Monteiro has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Joao Monteiro, demands judgment against the Defendant, Marine Transport Management, Inc., in an amount to be determined by a jury, together with interest and costs.

## COUNT III

### Joao Monteiro v. Marine Transport Lines, Inc.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

25. The Plaintiff, Joao Monteiro, reiterates all of the allegations set forth in Paragraphs 1 through 16 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Joao Monteiro, has incurred and will continue to incur expenses for his maintenance and cure.

4

WHEREFORE, the Plaintiff, Joao Monteiro, demands judgment against the Defendants, Marine Transport Management, Inc., and Marine Personnel and Provisioning, Inc. in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, AND III.

Respectfully submitted for the
the Plaintiff, Joao Monteiro,
by his attorney,

_____
David F. Anderson
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 6/30/04